# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Dominion Carolina Gas Transmission, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> 0.944 Acres, in Richland County, South Carolina located on Parcel R39100-02-03; WILLIE PATTERSON, JEAN STEWART PATTERSON, ERIC PATTERSON, TOYYA YVETTE AZIAN, CACH, LLC, LOVELESS COMMERCIAL CONTRACTING, INC., SOUTH CAROLINA COMMUNITY BANK, AND TD BANK, N.A., AS SUCCESSOR BY MERGER WITH CAROLINA FIRST BANK, <br><br> Defendants. | Case No: 3:16-CV-01970-JMC |

## **ORDER GRANTING PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF ITS RIGHT TO CONDEMN**

Plaintiff Dominion Carolina Gas Transmission, LLC ("DCGT") has moved for partial summary judgment as to its right to condemn the easements at issue in this action. After considering the motion, the memorandum in support, and the Affidavits of Michael R. Ferguson and James G. Barton ("Ferguson Affidavit" and "Barton Affidavit"), the Court finds the motion should be granted as set forth below.

## **STATEMENT OF UNDISPUTED FACTS**

This case arises from DCGT's exercise of its eminent domain powers pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. § 717, *et seq.* and the applicable Federal Energy Regulatory Commission ("FERC") Certificate order, attached to the Ferguson Affidavit as Exhibit A. DCGT brought this action seeking certain easements it requires in connection with its Eastover pipeline project ("Project").

1

DCGT is an interstate natural gas company as defined by the NGA. 15 U.S.C. § 717a(6); *see also* Ferguson Affidavit at ¶ 8. As such, DCGT is subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC") and is qualified to, among other things, construct and operate interstate natural gas transmission pipelines. 15 U.S.C. § 717, *et seq.*; Ferguson Affidavit at ¶ 8. DCGT has conducted extensive negotiations in an effort to obtain the easements required for the project and has reached an agreement with respect to the vast majority of the involved parcels and landowners. DCGT has been unable to reach an agreement as to the defendant parcels and landowners in this action, each of which is listed below (collectively, "Landowners").

The Landowners own or hold interests in real property located in Richland County, South Carolina described as Willie L. Patterson, Jean Stuart Patterson, Eric Patterson, and Toyya Yvette Azian, TMS # R39100-02-03 (the "Property). Ferguson Affidavit at ¶¶ 4-7. DCGT seeks easements over the Property in connection with the Project as shown in Exhibits E & F to the Complaint. *Id.* at ¶ 10.

The FERC Certificate order authorizes DCGT to construct and operate the Project, an approximately 28-mile long pipeline and appurtenant facilities serving an industrial customer in South Carolina. *Id.* at Ex. A. The FERC Certificate order and the NGA authorize DCGT to condemn property interests that are necessary for the Project in the event DCGT cannot obtain those interests through negotiation with the property owners. *See* 15 U.S.C. § 717f(h); Ferguson Affidavit at ¶ 17. DCGT "has tried multiple methods of negotiation, including sending multiple written offers to the landowners and, in many cases, in-person negotiations over the course of nearly two years." Ferguson Affidavit at ¶ 20.

## **DISCUSSION**

**I.      Summary Judgment Standard**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).  Summary judgment should not be viewed as a disfavored procedural shortcut, but rather as a key component of the federal rules as a whole and their goal of promoting "the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).  Once the moving party has met its burden, the non-moving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  The non-moving party must present evidence, beyond a mere scintilla, from which a fact finder could find in its favor.  *Anderson* at 247-48.

A court must view the facts and inferences reasonably drawn from them in the light most favorable to the non-moving party.  *Smith v. Univ. of N.C.,* 632 F.2d 316, 338 (4th Cir. 1980).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a properly made and supported motion for summary judgment.  *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992).

**II.     DCGT's Right to Exercise the Power of Eminent Domain**

DCGT is authorized by the NGA and the FERC Certificate order to exercise the power of eminent domain to condemn any easements necessary for the Project that it cannot obtain through negotiation with the property owners.  As set forth by another District Court within the Fourth Circuit,

> The Natural Gas Act grants a natural gas company the power to exercise eminent domain over the necessary property and right of way to construct a pipeline if 1)

> the company holds a certificate of public convenience and necessity, and 2) the company cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid ....

*Columbia Gas Transmission LLC v. 0.85 Acres*, 2014 WL 4471541, at *3 (D. Md. Sept. 8, 2014) (quotation omitted). In this case, there is no dispute as to either of these elements.

### A.     DCGT's FERC Certificate

Upon receipt of the FERC Certificate order authorizing the Project, DCGT had the right to exercise the power of eminent domain to obtain property interests necessary for the completion of the Project. *See* 15 U.S.C. § 717f(h). As explained by the Fourth Circuit, "[o]nce FERC has issued a certificate, the NGA empowers the certificate holder to exercise the right of eminent domain over any lands needed for the project." *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 818 (4th Cir. 2004) (quotation omitted, citing numerous cases confirming the right to condemn and to immediate possession). Here, the easements sought fall within the scope of the Project and, thus, may be condemned by DCGT. *See* Barton Affidavit at ¶ 9.

To the extent a landowner contends that DCGT is not in compliance with the FERC Certificate order, that argument is not properly raised as a defense in this action but rather must be made to the FERC. *See Columbia Gas Transmission, LLC v. 252.071 Acres More or Less*, 2016 WL 1248670, at *5 (D. Md. Mar. 25, 2016). As discussed in *Columbia Gas Transmission, LLC*,

> "A district court's role in proceedings involving FERC certificates is circumscribed by statute." *Millennium Pipeline Co., L.L.C. v. Certain Permanent & Temp. Easements*, 777 F. Supp. 2d 475, 481 (W.D.N.Y. 2011), aff'd, 552 F. App'x 37 (2d Cir. 2014). The district court's role is simply to evaluate the scope of the Certificate and to order condemnation of property as authorized in the Certificate. *USG Pipeline Co. v. 1.74 Acres in Marion Cnty., Tenn.*, 1 F. Supp. 2d 816, 821 (E.D. Tenn. 1998). Disputes over the reasons and procedures for issuing certificates of public convenience and necessity must be brought to the FERC. 15 U.S.C. § 717r(a). Appeals may thereafter be brought to a United States Court of Appeals. 15 U.S.C. § 717r(b). Thus, when a landowner contends that the Certificate holder is not in compliance with the certificate, that challenge must be made to FERC, not the district court.

Thus, based on the language of the FERC Certificate order in this case, there is no question of fact as to DCGT's ability to exercise the power of eminent domain pursuant to the NGA.

### B.     DCGT's Efforts to Acquire the Property through Negotiation

As set forth in the Ferguson Affidavit, DCGT has been unable to reach an agreement with the Landowners despite attempting to do so for nearly two years. These efforts are all that is required to satisfy the negotiation requirement. *See Columbia Gas Transmission, LLC v. 252.071 Acres More or Less*, 2016 WL 1248670, at *9 (D. Md. Mar. 25, 2016) ("[T]he Natural Gas Act merely requires that Columbia Gas be unable to come to an agreement." (quoting *Columbia Gas Transmission, LLC v. 370.393 Acres, More or Less in, Baltimore Cty., Maryland Located on Parcel Identification No. 20-00-013434, Owned By Williams*, 2014 WL 5092880, at *3 (D. Md. Oct. 9, 2014))).

### CONCLUSION

For these reasons, the Court **GRANTS** DCGT's Motion for Partial Summary Judgment. (ECF No. 12.)

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

August 24, 2016
Columbia, South Carolina