IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dominion Energy Carolina Gas Transmission, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 0.944 Acres, in Richland County, South Carolina located on Parcel R39100-02-03; WILLIE PATTERSON, JEAN STEWART PATTERSON, ERIC PATTERSON, TOYYA YVETTE AZIAN, CACH, LLC, LOVELESS COMMERCIAL CONTRACTING, INC., SOUTH CAROLINA COMMUNITY BANK, AND TD BANK, N.A., AS SUCCESSOR BY MERGER WITH CAROLINA FIRST BANK, <br><br> Defendants. | Civil Action No.: 3:16-cv-01970-JMC <br><br><br> **ORDER AND OPINION** |

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Dominion Energy Carolina Gas Transmission, LLC's ("DCGT's") exercise of its eminent domain powers pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. § 717, *et seq*. and the applicable Federal Energy Regulatory Commission ("FERC") Certificate order. DCGT brought this action under the NGA and Rule 71.1, FRCP, seeking certain easements ("easements" or "Rights of Way") it requires in connection with its Eastover pipeline project ("Project") over property described as follows (the "Property"):

> All that certain piece, parcel or lot of land together with the improvements thereon, located in the lower township in the County of Richland, State of South Carolina, containing twenty five (25) acres of land, and being the Eastern half of Fifty (50) acre tract being described in a plat for D.M. Bynum by J.R. Seay, January 29, 1918,

1

and filed in plat book "C" as page 255 and also being described as Parcel "B" on a plat prepared for Earnest Patterson and Susan Patterson dated November 14, 1978, by Claude R. McMillan, Jr., recorded in the Office of the RMC for Richland County on June 17, 1980.

Said parcel being bounded on the North by land now or formerly of Freeman whereon it measures Three Hundred Ninety-six (396') feet; South by land now or formerly of Bynum whereon it measures Three Hundred Ninety-six (396') feet; East by land now or formerly of Bynum heirs whereon it measures Two Thousand Seven Hundred Seventy-two (2772') feet, be all measurements a little more or less.

TMS# R39100-02-03.

The court has previously granted partial summary judgment as to DCGT's right to condemn the requested easements over the property (ECF No. 54). By way of this Order, the court hereby grants the requested easements, determines just compensation, and directs the Clerk of Court to disburse the deposited funds as set forth herein.

## II. ANALYSIS

This matter was tried by the court on February 8, 2018. Sarah Spruill appeared on behalf of DCGT. None of the Defendants were present. Based on the evidence presented, the court rules as follows:

**I. Easements**

In its Complaint (ECF No. 1), DCGT seeks easement interests in the Property as shown on Exhibits E and F, which are incorporated by reference herein. DCGT specified that the terms of the easements shall be as follows:

> To the extent Exhibit E shows a Permanent Easement, DCGT seeks an easement or Right-of-Way to lay, construct, excavate for, maintain, inspect, operate, protect, repair, renew, remove, or replace a pipeline for the transportation of natural gas, including any appurtenances (including but not limited to metering facilities, regulating facilities, valve facilities, fences, gates, concrete pads, cathodic protection, etc. and any communications facilities incidental thereto) necessary or desirable for regulatory compliance at any time, together with the right of ingress and egress to access said easement or Right-of-Way. To the extent Exhibit C shows

> a Temporary Workspace Area or Additional Temporary Workspace, DCGT seeks an easement for purposes of the construction of the Project together with the right of ingress and egress to access said easement. The requested temporary easement shall terminate upon the completion of the Project or such earlier date as determined by DCGT.

(ECF No. at ¶ 19.)

> DCGT also seeks a Permanent Access Road Non-Exclusive Easement and Right-Of-Way in Property-1, for the purpose, at any time and from time to time, of surveying, clearing, excavating, constructing, maintaining, inspecting, altering, repairing, replacing and using a permanent roadway for ingress and egress, to access and service pipeline operations, including the transportation of any and all equipment necessary or convenient for such operations as shown on Exhibit F. DCGT shall have the right to cut and remove trees, brush, rocks, and other obstructions within the access route and to fill depressions or roughly grade the surface of the access for the purpose of constructing a passable roadway.

(*Id.* at ¶ 20.)

The property is owned by Willie Patterson (75%), together with Jean Stewart Patterson, Eric Patterson, and Toyya Yvette Azian (as the heirs of Frank Patterson (25%)).[1] In its Complaint, DCGT further identified other entities that may have an interest in the subject property (ECF No. at ¶ 16), of whom TD Bank, N.A. and Loveless Commercial Contracting have appeared. (ECF Nos. 22, 35).

Based on the evidence presented at the trial of this matter, the Project has been completed and was put in service on November 10, 2016. Thus, the Temporary Easements will be deemed terminated at such time as all work required by the FERC Certificate order is completed.

Further, the court grants the requested Permanent Easement as shown on Exhibit E to the Complaint. Within the shown "50' Wide DCGT Easement Area," DCGT and its successors,

---

[1] DCGT has reached a separate settlement with Jean Stewart Patterson, Eric Patterson, and Toyya Yvette Azian. In addition, it appears that CACH, LLC does not have an interest in this property. Therefore, these parties are dismissed from this action.

affiliates, agents, and assigns shall have the right to lay, construct, excavate for, maintain, inspect, operate, protect, repair, renew, remove, or replace a pipeline for the transportation of natural gas, including any appurtenances (including but not limited to metering facilities, regulating facilities, valve facilities, fences, gates, concrete pads, cathodic protection, etc. and any communications facilities incidental thereto) necessary or desirable for regulatory compliance at any time, together with the right of ingress and egress to access said easement or Right-of-Way.  No present or future landowner may interfere with this Permanent Easement, and all present and future landowners shall be bound by any DCGT Right of Way guidelines.

In addition, the court grants the requested access road as shown on Exhibit F to the Complaint over which DCGT and its successors, affiliates, agents, and assigns shall have the right at any time and from time to time, of surveying, clearing, excavating, constructing, maintaining, inspecting, altering, repairing, replacing and using a permanent roadway for ingress and egress, to access and service pipeline operations, including the transportation of any and all equipment necessary or convenient for such operations.  Within this area, DCGT and its successors, affiliates, agents, and assigns shall have the right to cut and remove trees, brush, rocks, and other obstructions within the access route and to fill depressions or roughly grade the surface of the access for the purpose of constructing a passable roadway.

This Order or a certified copy thereof may be recorded in the Richland County Register of Deeds.

### B. Just Compensation

During the trial, DCGT presented the testimony of Carlton Segars.  Segars is a certified real estate appraiser in South Carolina and, based upon the testimony that he gave concerning his credentials, the court finds that he is an expert in the area of real estate appraisals.  Segars testified

concerning the appraisal performed regarding the property and the methodology used to determine the fair market value of the easements in question. As of June 11, 2016, Segars opined that just compensation for both the permanent and the temporary easements would be One Thousand Five Hundred Seventy-Five dollars and Seven cents ($1,575.07), which he rounded to One Thousand Six Hundred dollars ($1,600.00). He further confirmed that his opinion as to value of the easements remained the same as of August 24, 2016, the date of the court's Order granting immediate possession (ECF No. 55). The court finds that this testimony is credible and more than sufficient to meet DCGT's burden of proof with respect to determining fair market value.

DCGT has stipulated to a value of Three Thousand dollars ($3,000.00) in order to satisfy the jurisdictional requirements for this court under the NGA, 15 U.S.C. § 717f(h). (ECF No. 1, ¶7). DCGT deposited this amount with the Clerk of Court on August 29, 2016 (ECF No. 57) as provided in the court's Order granting immediate possession (ECF No. 55).

Therefore, the court accepts the stipulated value of Three Thousand dollars ($3,000.00) and finds that the deposited funds together with any accrued interest will be the just compensation amount. Accordingly, the court finds that DCGT has satisfied its obligation to provide just compensation for the easements, including an award of interest.

### C. Allocation

Because DCGT has reached a separate settlement with Jean Stewart Patterson, Eric Patterson, and Toyya Yvette Azian, and CACH, LLC does not have an interest in this property, Willie Patterson is the sole owner of the land at issue. During trial, the court was made aware that Willie Patterson has two judgments against him from T.D. Bank, N.A., and Allied Concrete Products, LLC. However, any liens against Willie Patterson are not relevant to the court's

5

consideration of the issues in this matter. Therefore, the court awards the full compensation amount to Willie Patterson.

### III. CONCLUSION

Based on the foregoing, the court awards Willie Patterson $3,000.00 in addition to any accrued interest.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 13, 2018

Columbia, South Carolina